Matthew Borden, Esq. (SBN: 214323)
 borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
 kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
 zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

ATTORNEYS FOR DEFENDANT
OUTDOORSY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ZACH RESNICK, individually and on behalf of a class of similarly situated persons and the general public, as applicable,<br><br>Plaintiff,<br><br>v.<br><br>OUTDOORSY, INC., a Delaware Corporation and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 3:22-cv-01418<br><br>**DEFENDANT OUTDOORSY, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Outdoorsy, Inc. ("Outdoorsy") hereby removes this action from the Superior Court in the State of California for the County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. This action is a purported class action where the named plaintiff and defendant are citizens of different states, the purported class contains over 100 members, and the amount in controversy would exceed $5 million. In accordance with 28 U.S.C. §1446(a), set forth below is a statement of the grounds for removal.

**I.    THE COMPLAINT AND STATE COURT PROCEEDINGS**

1. Outdoorsy is an online marketplace that helps connect owners of RVs, motorhomes and campervans with people and families wanting to rent them. Before anyone can use Outdoorsy's services, they must register as a user and agree to the Terms & Conditions of use. The Terms & Conditions explain the mechanics of rentals, *e.g.*, security deposits, how to make and cancel reservations, and how to obtain insurance. They also explain the rights and obligations of owners and renters.

2. Plaintiff agreed to the Terms & Conditions and was thus allowed to use Outdoorsy's services to rent an RV. He did not provide the required verification to obtain insurance and then proceeded to damage the RV he rented. Instead of taking responsibility, Plaintiff filed this putative class action claiming that Outdoorsy failed to disclose the terms of insurance offered through its website.

3. In actuality, Plaintiff repeatedly saw and agreed to the insurance terms as a precondition to using Outdoorsy's website and renting an RV. He was also notified that he was required to verify his identity in order for insurance to apply, but failed to do so. Further, Plaintiff agreed to an arbitration agreement with Outdoorsy that bars this action, and which Outdoorsy will seek to enforce.

4. The complaint seeks millions of dollars on behalf of a purported nationwide "class." Plaintiff's claims provide a paradigmatic example of the type of putative class action that the Class Action Fairness Act ("CAFA") was designed to address.

## II. THIS NOTICE OF REMOVAL IS TIMELY

5. Plaintiff Zach Resnick filed an action against Outdoorsy, entitled *Zach Resnick v. Outdoorsy Inc.,* Case No. CGC-22-597719, in the Superior Court in the State of California for the County of San Francisco, on January 19, 2022.

6. Less than 30 days ago, Outdoorsy learned that the complaint had been filed. (Declaration of Jared Josephsen ("Josephsen Decl.") ¶ 5.) Service of the Complaint has not been effectuated as of the time of this filing. Outdoorsy answered the complaint on March 4, 2022. True and correct copies of the Complaint and Summons are attached as **Exhibit A**. A true and correct copy of the Answer is attached as **Exhibit B**.

## III. JURISDICTION AND VENUE

7. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) (pursuant to the Class Action Fairness Act).

8. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453, as (1) it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons;" (2) the purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) at least one plaintiff is diverse from at least one defendant.

9. Venue is proper in this Court because this Court embraces the County of San Francisco where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## IV. JURISDICTION OVER THIS ACTION EXISTS PURSUANT TO THE CLASS FAIRNESS ACT

10. Jurisdiction pursuant to the Class Fairness Act ("CAFA") exists over (1) purported class actions, or "civil action[s] filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more

representative persons;" (2) the purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) a member of a class of plaintiffs is a citizen of a State and a defendant is a foreign state or a citizen or subject of a foreign state OR (5) a member of the purported class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

11. Each of these requirements is met here.

**A.     This Case Is a Purported Class Action**

12. Jurisdiction under CAFA requires that the action be a putative class action. *See* 28 U.S.C. § 1332(d)(2). This case meets that requirement. (Compl. ¶ 25 ("Plaintiff brings this action on behalf of himself and on behalf of a class of similarly situated consumers, pursuant to the Cal. Civ. Code Section 1781 and Cal. Code Civ. Proc. Section 382 to challenge and remedy Defendants' wrongful and illegal business practices.").

**B.     The Purported Class Contains Over 100 Class Members**

13. Jurisdiction under CAFA requires that the purported class action contain over 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). As detailed in the declaration of Jared Josephsen, Outdoorsy's Chief Legal Officer and Secretary, Outdoorsy has had over one hundred thousand customers nationwide in the past four years who have used Outdoorsy's service; the vast majority of these bookings include the purchase of a "Protection Package" which, among other things, provides insurance for rentals where, among other requirements, the driver is "verified" under Outdoorsy's terms and conditions. (Josephsen Decl. ¶ 4.)

**C.     The Amount in Controversy Exceeds $5,000,000**

14. The amount in controversy here exceeds $5,000,000. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he was successful on all his claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012). For purposes of 28 U.S.C. § 1332(d)(6), the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. The relief Plaintiff seeks on behalf of thousands of Outdoorsy users nationwide comprises: (1) full refunds for their rentals over a four-year period, (2) payment of any insurance losses, (3) an

injunction forcing Outdoorsy to renegotiate all its insurance contracts, and (4) attorney's fees. These costs far exceed the jurisdictional threshold.

15. A notice of removal pursuant to CAFA need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87-89 (2014); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that "defendant's notice of removal [pursuant to CAFA] 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (internal quotation marks omitted).

16. Here, Plaintiff's pleading alleges that the amount of damages and restitution he seeks exceeds the $5,000,000 threshold. (Complaint ¶¶ 2, 15; Prayer For Relief ¶¶ 2-10).

17. Plaintiff alleges that as a result of the complained of actions, "OUTDOORSY has violated the requirements of the California Business and Professions Code §§ 17200, et seq. (the "UCL"), based on violations of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. (the "CLRA"), by failing to provide episodic insurance coverage for the rental of a recreational vehicle ("RV") that OUTDOORSY promised Plaintiff would accompany the RV rental." (Compl. ¶ 1.) He seeks:

> 2. Restitution of all monies paid by Class members pursuant to breached contracts and/or the disgorgement of all revenues and profits of any monies made by Defendants thereon to Plaintiff and Class members, to the extent requested in the Causes of Action, as applicable to them;
>
> 3. An order requiring the payment by Defendants of all actual, statutory, direct, consequential, incidental, and other damages to the extent applicable and requested for each Cause of Action;
>
> 4. For an award of exemplary damages pursuant to Civ. Code § 3294 based on Defendants' fraudulent conduct;
>
> 5. An order imposing a constructive trust over any illegally collected and/or retained monies, as well as the distribution of any unclaimed funds pursuant to a cy pres fund or fluid recovery remedy;
>
> 6. An award of Plaintiff's damages incurred as a result of Defendant's violations of law, breaches of contract, breaches of implied warranties and negligence, in an amount to be shown according to proof at the trial of this matter in an amount in excess of $14,109.32.

> 7. An order enjoining Defendants from continuing to offer insurance in their contracts in a manner or circumstances not consistent with California law;
>
> 8. An order from this Court for both Plaintiff, the Class and the general public in the form of: (a) injunctive relief to ensure Defendants' compliance their contracts that provide for insurance coverage, pursuant to the UCL and the CLRA, (b) an order prohibiting Defendants from failing and refusing to immediately cease the wrongful conduct as set forth above and enjoining Defendants from continuing to falsely misstate or conceal material information and conduct business via the acts of unfair competition complained of herein and/or (c) an order or judgment for preliminary and permanent injunctive relief based on the above;
>
> 9. An order awarding attorney's fees and costs of Plaintiff's counsel pursuant to California Civil Code § 1780, California Code of Civil Procedure § 1021.5, or in an amount that may be reasonable from any recovery of monies recovered for or benefits bestowed on the Class;
>
> 10. An award of pre-judgment and post-judgment interest, as provided by law;

(Prayer For Relief ¶¶ 2-10.)

18. Plaintiff defines the purported class for which he seeks damages and restitution, as follows: "All persons who contracted for insurance coverage through Defendants but never received that insurance. This Class excludes the Court and its staff, and all employees of Defendants and their affiliates." (Compl. ¶ 25.) The statute of limitations for UCL claims is four years. Cal. Bus. & Prof. Code § 17208. The class thus purports to include any Outdoorsy customer who contracted for insurance coverage through Outdoorsy within four years of the filing of the Complaint, or January 19, 2018.

19. Although Plaintiff's claims are meritless in all respects, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell*, 471 F. App'x at 648 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

20. Plaintiff's claims seek to force Outdoorsy to disgorge the total value of its bookings for the four-year period preceding the filing of the Complaint, pay compensatory damages for "all uninsured losses" that members of the putative class "may have sustained" (Compl. ¶ 48), and comply with onerous injunctive terms. Any of this relief taken alone, much less together, would significantly exceed $5 million. (Josephsen Decl. ¶ 4.) And Plaintiff demands attorney's fees on top of that.

21. *First*, for the last four years, over one hundred thousand customers have rented vehicles using Outdoorsy. The vast majority of these bookings include the purchase of Outdoorsy's "Protection Package," which, among other things, provides insurance for qualified transactions. These bookings represent over $5,000,000 during that period. (Josephsen Decl. ¶ 4.) Were Outdoorsy required to disgorge such amounts for the four-year putative class period, as Plaintiff seeks, that sum alone would exceed the amount in controversy. (Josephsen Decl. ¶ 4.)

22. *Second*, Plaintiff seeks $14,109.32 in compensatory damages for himself, as well as "compensation to the class members for all uninsured losses they may have sustained." (Compl. ¶ 48.) Here, the $5 million threshold would be met if even ten thousand putative class members sustained an average of just $500 in compensatory damages (*e.g.*, for a minor fender bender). Alternatively, if only four hundred of the over one hundred thousand potential putative class members sustained losses similar to Plaintiff's alleged damages, the $5 million threshold would also be met. This is more than plausible. *See Salter*, 974 F.3d at 964 (denying motion to remand where defendant's "plausible allegations" relying on "reasonable assumptions" were all that was required to show the amount in controversy was met). Thus, the compensatory damages Plaintiff's Complaint seeks also independently satisfies the $5 million threshold.

23. *Third*, the Complaint seeks injunctive relief. Plaintiff appears to be seeking an injunction requiring Outdoorsy to provide insurance to every customer who wants to rent an RV, regardless of the renter's qualifications. (Prayer for Relief ¶ 8.) The cost of complying with non-monetary relief is also included in the amount in controversy in a CAFA action. *Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir. 2013) ("The value of the requested injunction against Defendants would not be 'recovered' by Plaintiffs yet the value of such an injunction is part

of the amount that has been put in controversy by Plaintiffs' complaint."); *Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) ("It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction."); *Biendara v. RCI, LLC*, 2011 WL 13137567, *6 (C.D. Cal. Jan. 24, 2011) (denying motion to remand to state court where injunctive relief would result in "added value for Plaintiff and lost profits to Defendant, perhaps continuing indefinitely into the future, show that the requested injunctive relief is highly valuable and therefore also boosts the amount in controversy above $5 million.").

24. Here, to provide insurance for transactions where, for example, drivers do not have valid licenses, are underaged, or have other conditions that disqualify them for normal insurance or in violation of Outdoorsy's terms and conditions, as Plaintiff seeks to require, would separately cost millions, if not tens of millions, of dollars, to the extent such insurance is even available. (Josephsen Decl. ¶ 4.) That is a separate and independent reason why the amount in controversy is satisfied.

25. *Fourth*, Plaintiff also seeks an "order awarding attorney's fees and costs of Plaintiff's counsel pursuant to California Civil Code § 1780, California Code of Civil Procedure § 1021.5, or in an amount that may be reasonable from any recovery of monies recovered for or benefits bestowed on the Class" (Prayer for Relief ¶ 9). This further adds to the total amount in controversy (after trial, such fees are generally at least $2 million). *See* Cal. Civ. Code § 1780(e), California Code of Civil Procedure § 1021.5; *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that future attorneys' fees can be included in the amount in controversy requirement when they are authorized by statute).

26. In sum, Plaintiff's claims easily satisfy the amount in controversy under CAFA.

**D.    Minimal Diversity Exists**

27. CAFA jurisdiction requires that "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(c).

28. CAFA also grants jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

29. A natural person has the citizenship of the place of his domicile. *Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Corporate parties can have the citizenship of the state of incorporation and the citizenship of the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491-92 (9th Cir. 1972).

30. Here, Plaintiff alleges that he "was a resident of Texas" but does not allege his current state of residence or citizenship. (Compl. ¶ 6.)

31. Defendant Outdoorsy is a Delaware corporation with its principal place of business in Austin, Texas. (Complaint ¶ 7; Josephsen Decl. ¶ 2.)

32. Plaintiff purports to bring this putative class action on behalf of a nationwide class. (Compl. ¶ 25 ("Plaintiff seeks relief for the following class of persons (the "Class"): *All persons who contracted for insurance coverage through Defendants but never received that insurance*.")) (emphasis added).

33. Therefore, the suit is, at a minimum, one where a member of the purported nationwide class of plaintiffs is a citizen of a State different from any defendant.

E.   **All Procedural Requirements are Satisfied**

34. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Superior Court of California for the County of San Francisco. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

35. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. Though Plaintiff still has not effectuated service of the Complaint, Outdoorsy became aware of the lawsuit on February 4, 2022. Notice of Removal must be filed on or before March 7, 2022.

36. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and Summons are attached as **Exhibit A**, and a copy of the Answer is attached as **Exhibit B**.

37. Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of San Francisco.

## CONCLUSION

WHEREFORE, Defendant Outdoorsy hereby removes this case from the California Superior Court for the County of San Francisco to this Court.

Dated: March 4, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys for Defendant Outdoorsy, Inc.*