# EXHIBIT A

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David R. Sidran (SBN121063)<br>SIDRAN LAW CORP<br>2010 Crow Canyon Place, Ste.100<br>San Ramon, CA 94583<br>TELEPHONE NO.: (925) 529-1350      FAX NO.: (925) 529-1350<br>ATTORNEY FOR *(Name):* Plaintiff, ZACH RESNICK | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**01/19/2022**<br>**Clerk of the Court**<br>BY: KAREN VALDES<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Zach Resnick v. Outdoorsy, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **CGC-22-597719** |
|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Janaury 19, 2022

David R. Sidran
(TYPE OR PRINT NAME)                                    ▶                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1  DAVID R. SIDRAN (SBN 121063)
   dsidran@sidranlaw.com
2  MATTHEW K. SIDRAN (SBN 337964)
   msidran@sidranlaw.com
3  **SIDRAN LAW CORP**
   2010 Crow Canyon Place, Suite 100
4  San Ramon, CA 94583
   Tel. & Fax: (925) 529-1350
5
   Attorneys for Plaintiff,
6  ZACH RESNICK

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/19/2022**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

9                                    UNLIMITED JURISDICTION

10 ZACH RESNICK, individually and on behalf      )  Case No.:
   of a class of similarly situated persons and the )                    **CGC-22-597719**
11 general public, as applicable,                 )
                                                  )
12                        Plaintiff,              )  **CLASS ACTION COMPLAINT**
                                                  )
13 v.                                             )  **Violation of Cal Civ. Code. §§1750,** *et seq.*
                                                  )
14 OUTDOORSY, INC., a Delaware                    )  **Violation of Cal. Bus. & Prof. Code**
   Corporation, and DOES 1-10 inclusive,          )  **§§17200,** *et seq.*
15                                                )
                          Defendants.             )  **Breach of Contract**
16                                                )
                                                  )  **Jury Trial Requested On All Causes Of**
17 _____ /         **Action So Triable**

18         Plaintiff, ZACH RESNICK, on behalf of himself and all others similarly situated and the

19 general public as applicable, all to the best of his knowledge, information, and belief formed after

20 an investigation reasonable under the circumstances, which facts are likely to have evidentiary

21 support after a reasonable opportunity for further investigation and discovery, except for

22 information identified herein as being based on personal knowledge, hereby alleges as follows

23 against the above named company and DOES 1-10, collectively referred to throughout this

24 Complaint as "OUTDOORSY" or "Defendants."

25                                    **NATURE OF ACTION**

26         1.     OUTDOORSY has violated the requirements of the California Business and

27 Professions Code §§ 17200, *et seq.* (the "UCL"), based on violations of California's Consumers

28 Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA"), by failing to provide

episodic insurance coverage for the rental of a recreational vehicle ("RV") that OUTOORSY promised Plaintiff would accompany the RV rental.

2.      This action is brought on behalf of a class and the general public seeking legal and equitable relief. Plaintiff, among other things, seeks restitution and/or damages with interest as applicable for Class members based on the particular causes of action asserted below, an injunction prohibiting further use of unconscionable provisions in contracts, a corrective campaign informing consumers of the requirement arbitration clauses must be honored and cannot be unconscionable, and a constructive trust over illegally obtained monies.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under Article VI, section 10 of the California Constitution, Section 410.10 of the Code of Civil Procedure and Section 17203 of the UCL. Jurisdiction over Defendants is proper because they are either corporations or associations that have purposely availed themselves of the privilege of conducting business located in the State of California because they maintain systematic and continuous business contacts with the State of California.

4.      Venue is proper in this County because the transaction giving rise to Plaintiff's causes of action against Defendants herein, was partially performed in San Francisco County.  The subject RV was to be picked up and dropped off at 610 Old Mason Street, San Francisco, California 94129.

5.      Plaintiff's Affidavit of Venue, as required under California Civil Code § 1780(d), asserts that a substantial part of the transactions, events or omissions giving rise to the claims alleged herein are situated in this County and is attached hereto as Exhibit A.

## PARTIES

6.      On personal knowledge, at all relevant times mentioned, Plaintiff ZACH RESNICK ("Plaintiff"), is a natural person who was a resident of Texas.

7.      Defendant OUTOORSY, INC. ("Defendant" or "OUTOORSY"), is a Delaware Corporation, that facilitates the renting of recreational vehicles ("RV") across the United States, including the State of California, County of San Francisco.

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

8.      At all times mentioned herein, each defendant, whether actually or fictitiously named as DOES 1-10 in this Complaint, was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, conspired with the other Defendants to take part in the acts and omissions as set forth below, by reason of which each defendant is liable to Plaintiff and the proposed class and the general public for the relief prayed for herein, as appropriate.

9.      At all times relevant, herein, each defendant ratified the unlawful conduct of the other defendants, their agents and employees and/or engaged in a conspiracy to violate the laws set forth herein by failing to repudiate the misconduct and by accepting the benefits of the transactions with knowledge of the wrongdoing.

## **FACTS**

10.     On personal knowledge, in July of 2021, Plaintiff engaged Defendants for the rental of a RV.

11.     On personal knowledge, in July of 2021, Defendants' website at https://www.outdoorsy.com/how-it-works described the process of renting an RV from Defendants, which includes the purchase insurance coverage for the duration of one's RV rental.

12.     On personal knowledge, in July of 2021, one of the representations on Defendants' website at https://www.outdoorsy.com/how-it-works states, "When you book with us, you rent worry-free because we offer… Insurance protection, $1M insurance protection covering the renter, owner, and vehicle.

13.     On personal knowledge, in July of 2021, Defendants' website at https://www.outdoorsy.com/help/outdoorsys-protection-packages lists three options for insurance coverage provided by ASSURANT through Defendants, each of which includes $1 million in liability coverage and $1 million in comprehensive and collision coverage.

14.     On personal knowledge, on or before July 8, 2021, Plaintiff paid a $517.40 reservation charge to Defendants for the rental of a New 2019 Family Sprinter Van (the "Subject RV") to secure the rental of the Subject RV. This reservation was assigned Booking ID No. 3353627.

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

15.     On personal knowledge, the $517.40 charge was a deposit towards the total rental price of $1,167.30, which included $159.80 for a "Vehicle Protection Package," which Defendants represented to Plaintiff would include insurance coverage for the duration of Plaintiff's rental of the Subject RV in the amount of $1 million in liability coverage and $1 million in comprehensive and collision coverage. A true and correct copy of the receipt received by Plaintiff for the $517.40 deposit (the "Receipt") is attached hereto as Exhibit B.

16.     On personal knowledge, on or before July 29, 2021, Plaintiff and Defendants entered into a contract for the rental of the Subject RV, dated July 29, 2021 (the "Contract"), which is attached hereto as Exhibit C.

17.     On personal knowledge, the Contract incorporates by reference the contents of https://www.outdoorsy.com/help/outdoorsys-protection-packages via hyperlink in § 10.

18.     On personal knowledge, on or before July 29, 2021, Plaintiff paid Defendants a total of $1,167.30.

19.     On personal knowledge, Defendants represented to Plaintiff that he would not be given possession of the Subject RV until or unless the insurance was in place.

20.     On personal knowledge, Plaintiff picked up the Subject RV from Defendants on or about July 29, 2021.

21.     On personal knowledge, on or about August 1, 2021, Plaintiff was operating the Subject RV and was involved in a motor vehicle collision (the "Collision").

22.     On personal knowledge, as a result of the Collision, the Subject RV sustained $14,109.32 in property damage.

23.     On personal knowledge, when Plaintiff attempted to initiate an insurance claim pursuant to the Contract for the property damage, Defendants informed Plaintiff that Plaintiff did not have any insurance coverage through Defendants.

24.     On personal knowledge, Plaintiff paid, or will pay, $14,109.32 to the owner of the Subject RV for the property damage sustained through the Collision.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and on behalf of a class of similarly

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

situated consumers, pursuant to the Cal. Civ. Code Section 1781 and Cal. Code Civ. Proc. Section 382 to challenge and remedy Defendants' wrongful and illegal business practices. Plaintiff seeks relief for the following class of persons (the "Class"): All persons who contracted for insurance coverage through Defendants but never received that insurance. This Class excludes the Court and its staff, and all employees of Defendants and their affiliates.

26.     The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and identities of Class members are not known at this time, as this practice appears to have gone on for some time, it is likely there are numerous impacted Class members.

27.     Questions of law and fact common and general to the Class exist and predominate over any questions affecting only individual members of the Class.

These common questions include, among others, the following:

a)     Whether the Class member had purchased insurance coverage for their RV rental through Defendants; and

b)     whether Defendants failed to provide the insurance coverage for the Class member's RV rental.

28.     Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful conduct and scheme of the Defendants alleged herein.

29.     Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's interests are not antagonistic to or irreconcilably conflict with the interests of the proposed Class. Plaintiff is represented by attorneys who are competent and experienced in consumer class action litigation in general and these types of claims in particular.

30.     A class action is superior to other available group wide methods for the fair and efficient adjudication of this controversy because the harm suffered by each individual Class member may be relatively small compared to the expense and burden of prosecuting such an individual case and of discovering and remedying the hidden wrongdoing of Defendants.

31.     If individual Class members were required to bring separate actions, courts would

be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

32.    The class members are easily ascertainable based on the records of Defendants insofar as class members are customers of Defendants who entered into a contract with Defendants for insurance coverage for their RV rental without a corresponding insurance policy for the RV rental.

33.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

34.    Notice of the pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or the best notice practicable under the circumstances.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE §§ 1750, *et seq.*, ("CLRA")

### (BY PLAINTIFF AND SIMILARLY SITUATED CONSUMERS)

35.    Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

36.    Plaintiff and Class members sought to rent RVs from Defendants for personal, family or household purposes.

37.    By entering into contracts with Defendants for the lease of RV's accompanied by the promise that such lease would be accompanied by $1 million in liability coverage and $1 million in comprehensive and collision coverage where Defendant failed to provide the bargained for insurance coverage, Defendants have violated, *inter alia*, of Civil Code §1770(a)(14), by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law. Defendants' deceptive and unfair actions, representations, omissions and other conduct are subject to the CLRA, because they extend to

transactions that have resulting or were intended to result in the sale or lease of goods and/or the provision of services to consumers.

38.     Plaintiff and the Class members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d), as the transactions at issue were primarily for personal, family or household purposes.

39.     The RV rental services performed by Defendants constitutes a transaction for the leasing of goods within the meaning of Cal. Civ. Code. §§ 1761 and 1770(a).

40.     Defendants are "persons" under Cal. Civ. Code § 1761(c).

41.     Defendants either knew or reasonably should have known of the illegality of its business practices.

42.     At the expense of Plaintiff and Class members, Defendants promised to provide $1 million in liability coverage and $1 million in comprehensive and collision coverage but, without explanation, failed to do so.

43.     Defendants uniformly misrepresented that its customers had $1 million in liability coverage and $1 million in comprehensive and collision coverage, when Defendants never provided the insurance coverage.

44.     In paying for Defendants' services, Plaintiff and Class members relied on Defendants' representation that there was $1 million in liability coverage and $1 million in comprehensive and collision coverage for their RV rentals.

45.     Defendants' representation that there was $1 million in liability coverage and $1 million in comprehensive and collision coverage for their RV rentals was a material factor in the decision of Plaintiff and Class members engage Defendants, in that the representation that there was such insurance coverage directly impacted the decision of Plaintiff and Class members to enter into the contracts.

46.     Plaintiff and Class members have been damaged by Defendants' practice of failing to provide insurance coverage in that they are owed indemnification for monies spent in regard to losses that would have been covered by the $1 million in liability coverage and $1 million in comprehensive and collision coverage that Defendants promised to provide.

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

47.     Plaintiff and Class members seek damages and other legal and equitable relief pursuant to the CLRA.

48.     Plaintiff also seeks the sum of $14,109.32 in compensatory damages suffered as a result of his justified reliance on Defendants' fraud, as well as compensation to the class members for all uninsured losses they may have sustained as a result of similar fraudulent conduct by Defendants.

49.     Plaintiff further seeks an award of exemplary damages based on Defendants' fraud pursuant to  Civ. Code §3294.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200, *et seq.* ("UCL")**

**UNLAWFUL, UNFAIR OR FRAUDULENT BUSINESS PRACTICES**

**(BY PLAINTIFF AND SIMILARLY SITUATED CONSUMERS)**

50.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

51.     Defendants engaged in unfair competition, as that term is defined in Business & Professions Code § 17203. As used in this Complaint and in the UCL, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with Section 17500) or Part 3 of Division 7 of the Business & Professions Code §§ 17200 and 17203.) The conduct at issue here is actionable pursuant to Business & Professions Code §§ 17200 and 17203.

52.     In engaging in conduct that constitutes acts and practices of unfair competition, each Defendant has acquired money from Plaintiff and Class members.

53.     Defendants' policies and practices in misrepresenting to its customers that they had insurance coverage when they did not, causes substantial injury to consumers with no countervailing legitimate benefits and is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to Plaintiff, Class members and the general public, and this constitutes "unfair" business acts or practices within the meaning of the UCL.

54.     Defendants' policies and practices in misrepresenting to its customers that they had

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

-8-

**CLASS ACTION COMPLAINT**

insurance coverage when they did not constitute "fraudulent" business acts or practices within the meaning of the UCL. No intent of Defendants is required to be shown to assert this claim.

55.     Defendants' practices and policies as detailed above are also "unlawful" business practices in terms violating, *inter alia*, Cal. Civ. Code § 1750, *et seq.*, as alleged above, and *Chevron U.S.A., Inc. v. Bragg Crane Rigging Co.* (1986) 180 Cal.App.3d 639. Defendants did not properly or reasonably disclose to customers that it had no intention of not providing the insurance that Class members were paying Defendants for.

56.     As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff and Class members suffered injury in fact and lost personal property. Meanwhile, Defendants have illegal retained monies and personal property, unjustly enriching itself thereby.

57.     Pursuant to Business & Professions Code §§ 17203 and 17204, the Court may enjoin such conduct both now and in the future on behalf of the Class and the general public, order the provision of corrective notice, and compel Defendants to restore to Plaintiff and Class members any money or property that Defendants may have acquired and retained as a result of any act or practice that constitutes unfair competition. The Court may also order Defendants to disgorge any profits or money Defendants may have obtained as a result of this unlawful conduct, including any interest or profits they made while in possession of such monies. Defendants should be ordered to pay restitution of all monies paid under illegal contracts and/or the disgorgement of all revenues and profits of any monies made by Defendants resulting from such illegal transactions to Plaintiff and/or Class members. In addition, as the restitution order sought by Plaintiff is intended in part to deter such conduct, Class members who qualify for enhanced remedies under Civil Code Section 3345 are entitled to up to three times the amount to be awarded them under the provisions of the UCL. Plaintiff seeks such relief, as well as attorney's fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. Section 1021.5.

/ / /

/ / /

/ / /

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

**CLASS ACTION COMPLAINT**

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

**THIRD CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(BY PLAINTIFF INDIVIDUALLY)**

58.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

59.     Pursuant to the Contract, Defendants were provide $1 million in liability coverage and to $1 million in comprehensive and collision coverage for the Subject RV for the duration of Plaintiff's rental of the Subject RV.

60.     Pursuant to the promised insurance coverage, Plaintiff is entitled to indemnification in the amount of $14,109.32 to reimburse Plaintiff for the monies Plaintiff paid to the Subject RV's owner for the property damage sustained during the Collision.

61.     The aforementioned conduct of Defendants occurred in material breach of the Contract between the parties in which Defendants agreed to provide $1 million in liability coverage and to $1 million in comprehensive and collision coverage.

62.     Plaintiff has suffered damages in an amount to be shown according to proof in connection with the Collision, as a direct result of Defendant's breach of the written Contract between the parties by failing to provide $1 million in liability coverage and to $1 million in comprehensive and collision coverage.

63.     Pursuant to *Chevron U.S.A., Inc. v. Bragg Crane Rigging Co.* (1986) 180 Cal.App.3d 639, Defendants are effectively the self-insurer of Plaintiff based on their breach of their contractual obligation to provide insurance in connection with the RV lease to Plaintiff.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT – DUTY TO INSURE**

**(BY PLAINTIFF INDIVIDUALLY)**

64.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

65.     Defendants entered into a written contract with Plaintiff concerning the rental of the Subject RV.

66.    Pursuant to the Receipt, Contract and Defendants' website (https://outdoorsy.com), Defendants were required to provide $1 million in liability coverage and to $1 million in comprehensive and collision coverage to Plaintiff.

67.    Therefore, Defendants owe Plaintiff defense and indemnity for the property damage sustained as a result of the Collision.

68.    Plaintiff is informed and believes that Defendants failed to provide coverage as required by the Receipt, Contract and Defendants' website (https://outdoorsy.com).

69.    Defendants are therefore be deemed the self-insurer of Plaintiff and owe Plaintiff all the duties and obligation with regard to the defense and indemnification that an insurer would owe under an insurance policy in compliance with the Receipt, Contract and Defendants' website (https://outdoorsy.com). (*Chevron USA, Inc., v. Bragg Crane & Rigging Co.* (1986) 180 Cal.App.3d, 639).

70.    Further, if Defendants in fact obtained the insurance coverage for Plaintiff, then such insurer(s) who are sued herein as DOES 1-10 owe a duty to defend and indemnify Plaintiff pursuant to such insurance policies against the claim of the RV owner and has failed to honor and fulfill that obligation.

71.    Plaintiff has performed all of the obligations under the Contract, including all terms, conditions, and conditions precedent.

72.    The Subject RV sustained property damage during the course of Plaintiff's rental of the Subject RV. Accordingly, the property damage is in connection with Plaintiff's rental of the Subject RV.

73.    Therefore, Defendants owe Plaintiff a contractual obligation to insure Plaintiff against the Subject RV's owner's claims for property damage sustained as a result of the Collision.

74.    Plaintiff is informed and believes, and on such information and belief alleges that if he has any liability to the Subject RV's owner, such liability is due to and caused by the breach of contractual obligations and duties of Defendants.

75.    Plaintiff has been damaged as a result of the breaches by Defendants of their respective duties and obligations under the Contract, in an amount in excess of $14,109.32.

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

**PRAYER FOR RELIEF**

WEREFORE, Plaintiff ZACH RESNICK prays for the following relief as may be applicable to the causes of action set forth above:

1.    An order certifying the Class and appointing Plaintiff and his counsel as Class representative and Class counsel;

2.    Restitution of all monies paid by Class members pursuant to breached contracts and/or the disgorgement of all revenues and profits of any monies made by Defendants thereon to Plaintiff and Class members, to the extent requested in the Causes of Action, as applicable to them;

3.    An order requiring the payment by Defendants of all actual, statutory, direct, consequential, incidental, and other damages to the extent applicable and requested for each Cause of Action;

4.    For an award of exemplary damages pursuant to Civ. Code § 3294 based on Defendants' fraudulent conduct;

5.    An order imposing a constructive trust over any illegally collected and/or retained monies, as well as the distribution of any unclaimed funds pursuant to a *cy pres* fund or fluid recovery remedy;

6.    An award of Plaintiff's damages incurred as a result of Defendant's violations of law, breaches of contract, breaches of implied warranties and negligence, in an amount to be shown according to proof at the trial of this matter in an amount in excess of $14,109.32.

7.    An order enjoining Defendants from continuing to offer insurance in their contracts in a manner or circumstances not consistent with California law;

8.    An order from this Court for both Plaintiff, the Class and the general public in the form of: (a) injunctive relief to ensure Defendants' compliance their contracts that provide for insurance coverage, pursuant to the UCL and the CLRA, (b) an order prohibiting Defendants from failing and refusing to immediately cease the wrongful conduct as set forth above and enjoining Defendants from continuing to falsely misstate or conceal material information and conduct business via the acts of unfair competition complained of herein and/or (c) an order or judgment for preliminary and permanent injunctive relief based on the above;

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

9.      An order awarding attorney's fees and costs of Plaintiff's counsel pursuant to California Civil Code § 1780, California Code of Civil Procedure § 1021.5, or in an amount that may be reasonable from any recovery of monies recovered for or benefits bestowed on the Class;

10.     An award of pre-judgment and post-judgment interest, as provided by law;

11.     Leave to amend the Complaint to conform to the evidence according to proof at time of trial;

12.     Such other and further relief as this court may deem necessary, proper and/or appropriate.


DATED:  January 19, 2022                              SIDRAN LAW CORP


By: _____
        DAVID R. SIDRAN
        MATTHEW K. SIDRAN
        Attorneys for Plaintiff,
        ZACH RESNICK

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

EXHIBIT A

DAVID R. SIDRAN (SBN 121063)
dsidran@sidranlaw.com
MATTHEW K. SIDRAN (SBN 337964)
msidran@sidranlaw.com
**SIDRAN LAW CORP**
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

Attorneys for Plaintiff,
ZACH RESNICK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| ZACH RESNICK, individually and on behalf of a class of similarly situated persons and the general public, as applicable,<br><br>Plaintiff,<br><br>v.<br><br>OUTDOORSY, INC., a Delaware Corporation, and DOES 1-10 inclusive,<br><br>Defendants.<br>_____ | Case No.:<br><br>**AFFIDAVIT OF VENUE** |

I, David R. Sidran, declare as follows:

      1.      I am counsel for Plaintiff in this action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

      2.      At all relevant times herein, OUTDOORSY, INC., a Delaware corporation ("Defendant"), was and is an entity that conducts business in the State of California, County of San Francisco.

      3.      Defendant provided services in San Francisco County when Defendant arranged for the rental of a recreational vehicle to be picked up by Plaintiff in San Francisco County.

      4.      The contract that forms the basis of this action was partially performed, and at least a portion of Defendants' obligations or liabilities arose in this County.

      5.      The Complaint filed in this matter contains causes of action for violations of Cal. Civ. Code §§ 1750, *et seq.*, as against Defendant.

6. Per the foregoing assertions, the CLRA causes of action in this Complaint have been properly commenced in a proper county for trial under the venue provisions of the CLRA and California Code of Civil Procedure § 395.5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was signed this 19th day of January, 2022 at San Ramon, California.

By: _____

DAVID R. SIDRAN

SIDRAN LAW CORP
2010 Crow Canyon Pl. #100
San Ramon, CA 94583
Tel. & Fax: (925) 529-1350

**AFFIDAVIT OF VENUE**

EXHIBIT B

**Roadventures** ☎ (239) 910-3350
www.myroadventures.com

### 🗓 RESERVATION #3353627

**Renter Pickup**
Jul 29, 2021 @ 9:00 PM
Old Mason St
San Francisco CA, 94129

**Renter Dropoff**
Aug 1, 2021 @ 7:00 PM
Old Mason St
San Francisco CA, 94129

### 🚐 RENTAL #199850

**Name**
NEW 2019 Family Sprinter Van

| Type | Sleeps | Length |
|---|---|---|
| Camper Van | 5 | 21 ft. |

**VIN**
WD4PF1CD7KT005107

**Plate**
CA S413553

### ⊙ CHECKOUT QUESTIONS

**Please tell us a little bit about your trip.** Where will you be traveling to?: I am traveling from Austin, TX to San Francisco. Are you planning on staying at campsites?: Yes

**Where would you like to pick up and drop off the van?** Sports Basement Presidio

### ⛊ CANCELLATION & RULES

**Security Deposit** A security deposit of **$1,500.00** is authorized before your trip begins. It is released 7 days after the trip ends unless any damages need to be assessed.

**Cancellation** Full refund up to 5 days before pickup, then 75% refund for remaining days

**Rules of the Road** Not Provided

### 👤 RENTER

Zachary Resnick
📞 (480) 331-3109
✉ nerissa@unboundedcapital.com

**Verified Drivers**

### ☰ RENTER CHARGES

| Description | Total |
|---|---|
| **Rental Amount** | $750.00 |
| **Cleaning Fee** | $125.00 |
| **Vehicle Protection Package** | $159.80 |
| **Roadside Assistance** | $0.00 |
| Subtotal | $1,034.80 |
| CA State Tax | $45.00 |
| Outdoorsy Fee | $87.50 |
| **Total** | **$1,167.30** |
| Remainder Due | $0.00 |

**Transactions**

| Jul 8, 2021 | Reservation Charge | $517.40 |
|---|---|---|
| Jul 16, 2021 | Remainder Charge | $649.90 |
| Jul 27, 2021 | Security Deposit Charge | $1,500.00 |

By signing below, you: agree to the terms and conditions of this Agreement as set forth on the Face Page, in the Terms and Conditions, and any other document that you sign; acknowledge that you had an opportunity to read the entire Agreement before signing; authorize us to process a separate credit/debit card voucher in your name for all Charges, including Tolls and Violations; and authorize us to release your billing/rental information to third parties for billing/processing purposes. All Charges are subject to final audit.

**Renter's Signature**

_____

**Additional Driver's Signature**

_____

**Company Signature**

_____

**Additional Driver's Signature**

_____

**Additional Driver's Signature**

_____

**Roadside Assistance**

Your reservation includes premium roadside assistance. Keep this card handy in case you experience any issues on the road or want to use any of your trip planning benefits!

Take advantage of your benefits any time by calling 1-877-978-7222.



**Roadside Assistance:** 1-877-978-7222
**Membership Number:** 1001482039
**Coverage Dates:** Jul 29, 2021 - Aug 1, 2021

**PERSONAL TRIP PLANNING**

- Campground & restaurant reservations
- Event tickets & travel document replacements

**24/7 RV TECH HELP**

- Help operating common RV features like leveling jacks, appliances, slides and power

**24/7 ROADSIDE ASSISTANCE**

- Towing & flat tire assistance
- Emergency Fluids & Battery Boost
- Lockout help and mobile mechanic

EXHIBIT C

| Primary Driver's Name: | Zachary Resnick |
|---|---|
| Date of Birth (mm/dd/yyyy): | 01/20/1993 |

| Additional Driver's Name: | Jlo Michaux |
|---|---|
| Date of Birth (mm/dd/yyyy): | 01/28/1991 |

I have read and agreed to the terms and conditions of this rental agreement and thereby give my consent to the agreement and acknowledge by signing I am the designated primary driver and take responsibility for any damage or incidents occurring during the rental period. I understand that only approved drivers are allowed to operate the vehicle.

DocuSigned by:

**RENTER SIGNATURE** _Zach Resnick_ **DATE:** _7/29/2021_

975CDC30FAA7420...

*Signature acknowledges that renter has read and agrees to the below policies, terms and conditions. Additional Approved drivers can be listed on an additional page attached to this Contract and signed by both Renter and Dealer*

**DEALER SIGNATURE:** _____ **DATE:** _____

# OUTDOORSY RV RENTAL AGREEMENT

This RV Rental Agreement ("Agreement"), along with the Outdoorsy Terms of Service and Policies, which are incorporated herein by reference, is made by and between the persons listed in the booking details page of your Outdoorsy account, namely the Renter and the RV Rental Owner ("Dealer" or "Owner") for the rented vehicle (the "Rental"). Renter and Owner are referred to collectively herein as the "Parties".

The terms and conditions of this Agreement shall survive the end of the rental period and remain in full force and effect. Where Renter has released and/or indemnified Owner, it has also released and/or indemnified Owner's officers, directors, employees, agents, affiliates, and the vehicle's owner of record.

By entering into a confirmed booking, Renter and Owner acknowledge that they read the terms of this Agreement and agree to such terms before being asked to exchange possession of the Rental. Additionally, Renter permits Outdoorsy to process a charge to the card listed on file for all rental and claim related charges due under this Agreement.

The Parties have read and agree to the terms and conditions of this Rental Agreement and thereby give their consent to the Agreement and acknowledge that by completing a booking that Renter is the designated primary driver and will take full responsibility for any damage or incidents occurring during the rental period. Renter understands and acknowledges that if Renter purchased an Outdoorsy protection package only verified drivers are allowed to drive or operate the rental vehicle.

## Rental Agreement Terms and Conditions

1. **Renter and Owner**.  The "Renter" shall mean the individual person completing a booking using his/her Outdoorsy account. The "Owner" (also referred to herein as the "Dealer") shall be the individual person or legal person (e.g. corporation, LLC, etc.) accepting a booking using her/her/its Outdoorsy account.  Renter acknowledges that Dealer may not own the Rental it is renting to Renter, and rents the Rental pursuant to a valid third-party agreement with the owner of the unit. Dealer represents and warrants that it has the legal authority to enter into a booking and renting the Rental.

   This agreement is not assignable by Renter.

2. **Rental**.  The "Rental" means the motorized or non-motorized (towable) vehicle rented by the Renter from the Owner, and includes tires, tools, key fobs, keys, equipment, included plates, documents and other products or property provided by the Owner with the vehicle.

**RENTER ACCEPTS RENTAL "AS IS" WITH ALL FAULTS AND WITHOUT RESERVATION. OWNER (INCLUDING THE TITLED OWNER OF THE RENTAL) DOES NOT WARRANT AND EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE RENTAL OR TIRE CONDITION OR QUALITY, PERFORMANCE, UTILITY, SUITABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE.**

Renter agrees that Owner shall always have a superior right of possession of the Rental over Renter. In the event that Owner, in its sole and absolute discretion, determines the Rental is at risk of damage or loss, Owner shall have the absolute right to recover the Rental from Renter regardless of the amount of time remaining in the Rental Period. In the event Owner recovers a Rental from Renter, in addition to those costs payable pursuant to other parts of this Agreement, Renter shall pay all costs associated with such recovery including, but not limited to, employee wages, travel costs, fuel and repairs. Owner agrees that Renter is wholly responsible for these charges and will hold Outdoorsy harmless.

3. **Rental Period.**  The "Rental Period" begins when the Owner provides the Renter with the keys, and turns over possession, custody and control of the Rental to the Renter. The Rental Period ends upon the completed return of the Rental to the Owner.

   For rentals involving the delivery of the Rental by Owner, Renter's responsibility for the Rental and liability for damages relating to delivered rentals begins when Renter takes possession of the keys and ends when the Rental is returned to the Owner or their designated delivery driver. Any damage that occurs during the delivery of the Rental is the responsibility of the Owner up to the amount of the deductible. All delivery drivers of insured vehicles must be approved via the Outdoorsy verification check or must have provided additional proof of insurance coverage through a third party.

   Renter and Owner understand and acknowledge that they should not enter into a booking and key exchange unless they agree and accept the terms of this Agreement, as well as Outdoorsy's other Terms of Service and Policies. A confirmed booking is an express agreement to this Agreement and Outdoorsy's Terms of Service and Policies.

4. **Who May Drive and Proper Operation of the Rental**.  Only the Renter who completes the booking (the "Primary Driver") and qualifies as a "Permitted Driver," and other persons designated and identified as drivers at the time of booking and verified by Outdoorsy ("Permitted Drivers") may drive and operate the Rental.  Permitted Drivers may only drive and operate the Rental with the express prior permission from Renter, and Renter shall be fully responsible for any and all damages, incidents, tolls, tickets, and other acts and omissions involving the Permitted Drivers while operating or driving the Rental, or caused by or involving the Permitted Drivers.

The Renter represents to Owner and Outdoorsy that Renter and other Permitted Drivers are capable and validly licensed drivers, and will remain capable and validly licensed drivers during the term of the rental.

Renter further acknowledges and agrees that no person shall be allowed to drive the Rental who is not at least the age of 25 and a holder of a valid driver's license (in his or her actual possession). Drivers over the age of 25 must be approved through Outdoorsy's verification process.

Renter acknowledges that recreational rentals can be very large and handle differently from passenger cars. The Rental requires more skill and expertise to operate safely than a passenger car rental. For example, the Rental may require more clearance above, in front of, behind, and beside them to safely operate, and the use of mirrors and direct visual verification are always required to maintain knowledge of the location of adjacent vehicles and obstacles on the roadway. Owner acknowledges that it is their responsibility to inform Renter of the limitations of their Rental, including clearance heights and widths and other operating instructions. Renter agrees to only operate the Rental on public roadways with sufficient width and height clearance to allow the Rental to be operated safely and without damage. Under no circumstances may the Rental be operated and used for off-road purposes. In the event that the Rental is operated on a private road, Roadside Assistance may be unavailable or voided.

Spotters are recommended to assist the driver in backing the Rental. Renter acknowledges that Owner has no control over the number of passengers a Renter may allow into the Rental or the conduct of those occupants while the Rental is being operated. Therefore, Renter acknowledges they are solely responsible for the passengers on board the Rental as well as the conduct of those passengers. Renter also acknowledges they will confirm that both driver and passengers are properly using seat belts while the Rental is in motion. Renter and Dealer can find more information here: (https://www.outdoorsy.com/help/seatbelt-requirements-rvs).

5. **Prohibited Use of the Rental**.  The Renter and Permitted Drivers shall not drive in a careless, negligent, reckless or unlawful manner.  Certain uses of the Rental and other actions the Renter or Permitted Drivers may take, or fail to take, will violate this Rental Agreement and Outdoorsy's Terms of Service and Policies.  **A VIOLATION OF THIS PARAGRAPH, AS DEFINED BELOW,  ALLOWS OWNER OR OUTDOORSY TO TERMINATE RENTER'S BOOKING AND IS AN EXCLUSION TO AND VOIDS ALL LIABILITY PROTECTION AND ANY OPTIONAL SERVICES THAT RENTER HAS ACCEPTED, INCLUDING BUT NOT LIMITED TO INSURANCE COVERAGE AND ROADSIDE ASSISTANCE. IT ALSO MAKES RENTER FULLY LIABLE TO OWNER AND OUTDOORSY FOR ALL PENALTIES, FINES, FORFEITURES, LIENS, DAMAGES, AND RECOVERY AND STORAGE COSTS, INCLUDING ALL RELATED ATTORNEYS' FEES, LEGAL EXPENSES, FEES AND COSTS THAT OWNER OR OUTDOORSY MAY INCUR.**

It is a violation of this Paragraph if any of the following occurs:

A. Renter uses or permits the Rental to be used: (1) by anyone other than a Permitted Driver; (2) to carry passengers or property for hire or more passengers than the Rental has seat belts to carry; (3) to tow or push anything, unless specified by Owner; (4) in the case of a towable, to allow occupants to be inside the towable when in motion; (5) to be operated in a test, race or contest or offroad; (6) while the driver is under the influence of alcohol, any controlled substance, including without limitation any federally controlled substance listed under the Controlled Substance Act, Title 21 of the United States Code (a "Controlled Substance"), or medications that affect vehicle operation and/or constitute driving while impaired under applicable law; (7) for unlawful purposes or for conduct that could be charged as a crime such as a felony or misdemeanor, including the transportation of a Controlled Substance or contraband, stolen goods, illegal devices, or persons protected by prohibitions against human trafficking; (8) recklessly or while overloaded; (9) if the Rental is driven into a jurisdiction or to a location or event not permitted by Owner or Outdoorsy (e.g., into Mexico or attending an unauthorized festival such as Burning Man); (10) Renter materially misrepresents the intended use or destination of the Rental; (11) Renter or Dealer violates the Outdoorsy or Wheelbase Terms and Conditions.

B. Pets or other animals (aside from service animals) are allowed into the Rental without prior permission from the Owner. Owners agree to comply with all law, including the federal Americans with Disability Act (ADA). The ADA requires that service animals are harnessed, leashed, or tethered, unless the use of these devices interfere with the service animal's work or the individual's disability prevents using these devices. In such cases, the individual must maintain control of the animal through voice, signal, or other effective controls. Pet fees for service animals may not be charged; however, the Owner may collect fees for any damage sustained to the Rental by the service animal.

C. The Rental's awning is unrolled or used without prior permission from the Owner.

D. Anyone is on the roof of the Rental, regardless of whether the Rental is equipped with a ladder.

E. Renter or an additional driver, whether authorized or not: (1) fail to promptly report to Outdoorsy and Owner any damage to or loss of the Rental when it occurs or when Renter learns of it and provide Outdoorsy and Owner with a written accident/incident report or fail to cooperate with Outdoorsy's investigation; (2) where required by law, failed to report an accident to law enforcement; (3) obtained the Rental through fraud or misrepresentation; (4) leave the Rental and fail to remove the keys (or key fobs) or close and lock all doors and all windows and the Rental is stolen or vandalized; or (5) intentionally or with willful disregard cause or allow damage to the Rental.

F. Renter or an additional driver, whether authorized or not, return the Rental after hours agreed-upon with Owner and the Rental is damaged, stolen or vandalized, or Renter otherwise fails to take reasonable steps to secure the Rental, its keys, key fobs, or other remote entry and starting devices.

G. Driving or operating the Rental while using a hand-held wireless communication device or other device that is capable of receiving or transmitting telephonic communications, electronic data, mail or text messages shall be deemed a breach of the Rental Agreement.

6. **Tolls, Fines, Expenses, Costs and Administrative Fees.** Renter agrees to report to the Owner and pay for all tolls and tickets (including for parking and moving or stationary traffic violations) incurred during the Rental Period. Renter agrees to pay or reimburse Outdoorsy and Owner for all fines, penalties, interest, and court costs for parking, traffic, toll and other violations, including storage liens and charges incurred as a result of the rental. Renter will also pay a reasonable administrative fee with respect to any violation of the Rental Agreement, Terms of Service or other Policies, such as for repossessing or recovering the Rental for any reason. Renter agrees that Outdoorsy or Owner may, in their sole discretion, pay all tickets, citations, fines, penalties and interest on Renter's behalf directly to the appropriate authority and Renter will pay Outdoorsy or Owner what was paid to the appropriate authority or their designated agents plus a reasonable administrative fee and any attorneys' fees and expenses incurred. Renter agrees and acknowledges that Outdoorsy and Owner may cooperate with all federal, state/provincial, municipal and local officials charged with enforcing these infractions to provide any information necessary as they may request or may otherwise be required.

Renter authorizes Outdoorsy to release the rental and credit/debit card information regarding the rental to any agent Outdoorsy may authorize to act on its behalf for the purpose of processing and billing Renter for any tickets, citations, fines and penalties incurred by Renter or assessed against Outdoorsy, the Owner or the Rental during the rental plus a reasonable administrative fee. Renter authorizes Outdoorsy's agent to bill Renter directly to the credit/debit card used to book the rental. Renter authorizes Outdoory's agent to contact Renter directly regarding any tickets, citations, fines and penalties incurred by Renter or assessed against Outdoorsy, the Owner or to Rental while its was rented to Renter.

In the event Outdoorsy uses a third party collection service or agent to resolve any tickets, citations, fines, penalties, and interest, Renter agrees to pay all costs and collection fees including but not limited to administrative and legal costs to such agent upon demand without protest.

Renter acknowledges that Renter has no right to contest any such infraction or enter any plea other than guilty or no contest unless Outdoorsy or Owner consent to such action, provided that the penalty for the infraction is only the payment of money and does not involve any other administrative, civil, or criminal penalty.

Renter agrees to indemnify and hold Outdoorsy and Owner and any other agent Outdoorsy authorizes harmless for any such tickets, citations, fines, penalties, interest and administrative fees.

7. **Departure Policy**.  Owner shall ensure that the Rental Renter is picking up is clean on the interior and exterior and is in a safe and roadworthy condition. If it is not, or if any of its components are not working as expected at any point in Renter's trip, the Renter must notify Outdoorsy immediately by contacting Customer Support at 877-723-7232. Renter should submit photos or videos of any visible defects. Failure to do so may result in a denial of a reimbursement or dispute request following completion of the booking.

**Owner agrees that they will take photos within 24 hours of departure of the exterior and interior of the Rental or insurance coverage will not apply.**

Owner and Renter acknowledge it is their joint responsibility to ensure towables are properly hitched at the time of departure, with appropriately sized ball mounts and sway bars as necessary. Renter further acknowledges that their vehicle has sufficient towing capacity. Failure to do so may result in the denial of any damage claims.

8. **Hauling and Delivery**. Renter's liability for damages relating to delivered Rentals begins when Renter takes possession of the keys and ends when the Rental is returned to the Owner or their designated delivery driver. Any damage that occurs during the delivery or return of the Rental is the responsibility of the Owner up to the amount of the deductible. All delivery drivers of insured vehicles must be approved via the Outdoorsy verification check or must have provided additional proof of insurance coverage through a reputable third party insurer.

9. **Return Policy.** Renter agrees to return or leave the rental unit no later than the checkout time indicated on the Booking Confirmation or such other time as mutually agreed to by the Owner. If Renter cannot drop Rental off on the scheduled date of return, Renter must extend the rental solely on the Outdoorsy platform with Owner's permission. Renter agrees that Renter no longer has permission to stay in the Rental in the event that the unit is not vacated or returned by the return date, and Owner is entitled to make Renter vacate the Rental and return all property and keys in a manner consistent with local, state, and federal law. In addition, Renter agrees that their credit card on file will be charged a one-time $30.00 administrative fee plus the hourly rental rate based on a prorated daily rental rate for the rental unit for each hour the Rental is late. Renter agrees that their credit card on file will be charged a $100.00 administrative fee plus the full daily rate for every eight (8) hours the Rental is late in the event that the Owner must cancel another confirmed and paid for Outdoorsy booking due to the late return. The Rental must be returned in the same condition as it was at the time of pickup (clean on the interior and exterior and in full working order). Dealer and Renter should take photos of the unit at the time of return. Any variable charges may be assessed and charged against the security deposit. (https://www.outdoorsy.com/service-fees).

**Owner agrees that they will take photos within 48 hours of return of the exterior and interior of the Rental or insurance coverage will not apply.**

10. **Condition of Rental & Responsibility for Repair.**  In the event of any loss or damage to the Rental, or any personal property or bodily injury claim that occurs during the Rental Period due to any cause regardless of fault, including, but not limited to, collision, rollover, theft, vandalism, seizure, fire, flood, wind, hail or other acts of nature or God, Renter is responsible and is required to pay up to the deductible outlined in the protection package of their choice. In the event Renter has violated this Agreement or Outdoorsy's Terms of Service or Policies, Renter will be held responsible for the full amount of the claim including any insurance deductible.

When accepting the Rental, Renter and Owner, or authorized representative of Owner, will complete and sign the Departure Form for the Rental, noting in writing and/or time stamped photos, digitally or electronically, any and all defects or damage to the Rental prior to Renter's acceptance of same.

Upon return of the Rental, Renter and Owner, or authorized representative of Owner, must document the condition of the Rental via photos up to 24 hours before the trip starts and no later than 48 hours after the trip ends. This is a requirement for insurance coverage. Both Parties may also use the Departure and Return forms to supplement the photos, but understand this is not a qualified substitute for the photo requirements. Departure and Return forms cannot be altered after signing without the express written consent and signing by both Parties. Any alterations made without the express consent of Renter or

Owner may result in any claims being denied. Outdoorsy and Owner are not responsible for personal property left in the Rental. All damage to the Rental noted in the executed Return Form which is not listed in the executed Departure Form shall be the sole responsibility of Renter. Renter shall reimburse the Owner for the cost of the repair if Outdoorsy deems Renter is responsible for the damage.

To the extent that the security deposit paid to Owner is insufficient to cover the damages incurred by Renter, Renter will pay Owner the difference via the qualified insurance policy or out of pocket if such damage is not covered under the insurance policy. Renter must report all accidents or incidents of theft or vandalism to the police as soon as discovered and to the Owner via Outdoorsy message, and provide a copy of the police report to Owner and Outdoorsy. Renter must report all accidents involving the Rental to Owner within 24 hours of the occurrence and provide a copy of the accident report to the Owner. In the event of vandalism or if damage occurred as a result of vandalism or a hit and run, no insurance claim can be processed without a police report. Owner must report all accidents involving the Rental to Outdoorsy within 48 hours of return of the Rental and provide supporting documentation such as photos, video, police report or statements (https://www.outdoorsy.com/help/how-do-i-file-a-claim).

Some Rentals are equipped with awnings. Awning usage may be restricted by Owner. If Owner does not provide express consent to use the awning during the Rental Period, and the awning is damaged during the Rental Period or causes damage to a third party, Renter will be wholly responsible for the full cost of repair and such damages. In the event that the Dealer authorizes the use of the awning during the rental period, the fabric of the awning must be kept in the possession of the Renter and returned to the Dealer in order for damages to be covered by the purchased protection package.

If the Rental is returned to Owner outside of regular business hours, Renter shall remain responsible for any damage or theft of the Rental occurring prior to Dealer's acceptance of the return of the Rental during regular business hours, up to a limit of 48 hours. If Renter provides photos of the RV at the time of dropoff that clearly indicate no damage sustained, Outdoorsy will make a determination as to the validity of any subsequent claims.

11. **Indemnification and Waiver by Renter.** Renter shall forever defend, indemnify, and hold Outdoorsy and Owner (including but not limited to the titled owner), and their officers, directors, employees, agents, and parent and affiliated companies, harmless from all losses, liabilities, damages, injuries, claims, demands, awards, costs, attorney fees, and other expenses incurred by them in any manner or from the use during the Rental Period by Renter or any person, including claims of, or liabilities to, third parties or resulting from latent or other defects whether or not discoverable by Renter or Owner. This indemnity shall continue in effect at all times despite the return of the Rental before or after expiration of the contract terms whether by formal request from Dealer or

otherwise. It is agreed and understood that Owner or Outdoorsy has the right to control the defense of any such claim.

**RENTER WAIVES AND RELEASES OUTDOORSY AND OWNER FOR ANY CLAIM OR LIABILITY FOR INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES, OR FOR ANY LOST OR IMPUTED PROFITS OR REVENUES OR COSTS ARISING FROM OR RELATED TO THE RENTAL REGARDLESS OF THE LEGAL THEORY UNDER WHICH LIABILITY IS ASSERTED AND REGARDLESS OF WHETHER OWNER OR OUTDOORSY HAVE BEEN ADVISED OF THE POSSIBILITY OF ANY SUCH LIABILITY, LOSS OR DAMAGE.**

12. **Owner's Limitation of Liability. THE RENTER AGREES, ON BEHALF OF HIMSELF/HERSELF AND ANY PASSENGERS OR USERS OF THE RENTAL, THAT THEIR EXCLUSIVE REMEDY FOR ANY AND ALL CLAIMS OF DAMAGE OR LOSS RELATED TO USE OF THE RENTAL SHALL BE LIMITED TO THE TOTAL RENT PAID OR PAYABLE BY RENTER TO OWNER UNDER THIS AGREEMENT.**

13. **Indemnification and Waiver by Owner.** Owner shall forever defend, indemnify, and hold Outdoorsy, and its officers, directors, employees, agents, and parent and affiliated companies, harmless from all losses, liabilities, damages, injuries, claims, demands, awards, costs, attorney fees, and other expenses incurred by them in any manner from this rental transaction or from the use of the Rental by Renter or any person, including claims of, or liabilities to, third parties. **OWNER WAIVES AND RELEASES OUTDOORSY AND RENTER FOR ANY CLAIM OR LIABILITY FOR INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH, DIRECTLY OR INDIRECTLY, THE RENTAL OR BOOKING.**

14. **Outdoorsy's Limitation of Liability. RENTER AND OWNER AGREE THAT OUTDOORSY'S AGGREGATE TOTAL LIABILITY UNDER ANY THEORY WHATSOEVER IN CONNECTION WITH ANY RENTAL OR BOOKING SHALL NOT EXCEED THE TOTAL SERVICE FEES EARNED AND RECEIVED BY OUTDOORSY FOR SUCH BOOKING.  IN NO EVENT SHALL OUTDOORSY, ITS AFFILIATES, AGENTS, EMPLOYEES, OFFICERS, DIRECTORS OR REPRESENTATIVES, BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES OF ANY KIND.  IN ADDITION, OUTDOORSY IS NOT LIABLE FOR ANY LOST PROFITS OR REVENUES, INCLUDING DAMAGES FOR LOSS OF GOODWILL, BUSINESS INTERRUPTION, DATA LOSS, FRAUD LOSSES, LOSSES OF BUSINESS OPPORTUNITIES, LOSSES DUE TO CRIMINAL CONDUCT BY OWNER, RENTER, PASSENGERS OR THIRD PARTIES, LOSSES IN CONNECTION WITH CHARGEBACKS, PAYMENT PROCESSOR DISPUTES, LOSSES DUE TO THE CONDUCT OF PAYMENT PROCESSORS, LOSSES DUE TO FALSE FRAUD SCREENING OR IN ANY OTHER WAY IN CONNECTION WITH OR ARISING OUT OF THE RENTAL OR BOOKING, RENTER OR OWNER'S USE OF THE OUTDOORSY TECHNOLOGY PLATFORM OR IDENTITY VERIFICATION SERVICES, FAILURES OF THE INTERNET, SYSTEMS, COMPUTER FAILURES, AND TAXES OR DUTIES, WHETHER THE**

**DAMAGE CLAIMS ARE BASED IN CONTRACT, NEGLIGENCE, TORT, WARRANTY, STRICT LIABILITY OR ANY OTHER THEORY AT LAW OR EQUITY.**

15. **Property in the Rental.** Outdoorsy and Owner are not responsible for loss of, theft, or damage to any property in or on the Rental, in any service vehicle, such as a transit van or bus, on Outdoory's or Owner's premises, or received or handled by them, regardless of who is at fault. Renter will be responsible to Outdoorsy and Owner for claims by others for loss or damage caused by renter's property.

16. **Rental Fees and Charges**. By entering into a confirmed booking, Renter acknowledges that he/she has been given an opportunity to read the terms of this Agreement and terms of the Services before being asked to take possession of the Rental. Additionally, Renter expressly authorizes Outdoorsy to process a charge to the credit card(s) listed on file for all rental and claim related charges due under this Agreement or Outdoorsy's Terms of Service and Policies. All rental fees and other charges must be paid prior to the Rental pickup, including security deposits. Failure to pay all rental fees and other charges, including security deposit, may result in the cancellation of the Rental and forfeiture of Rental fees.

17. **Security Deposit & Authorization**. A security deposit from Renter is required two days prior to pick up and will be refunded when all costs are paid pursuant to the terms of this Agreement and the Outdoorsy Terms of Service. The amount of the security deposit is stated in the booking confirmation. Owner may use Renter's security deposit to pay any amounts owed under this Agreement. If the amount of the security deposit is insufficient to satisfy all amounts due, Renter agrees to pay all charges in excess, either by use of the credit card provided or some other agreed upon means.

    Minimum requirements for return of the security deposit include:

    ● At the time of return, Rental is cleaned to the same condition or better than when picked up;
    ● Fuel levels are equal to or above the level provided at the time of departure handoff;
    ● Holding tanks are properly emptied to or below the level at time of departure handoff;
    ● No damage sustained to the Rental (including interior damage)
    ● All variable charges including, but not limited to: mileage or generator overages, tolls, parking or other tickets are paid in full.

    At the time of rental, a charge will be authorized by Renter to cover any amounts payable pursuant to this Agreement and the Terms of Service, and by accepting the Rental Renter understands and expressly consents to use of the charge card for such purposes.

Owner has up to 48 hours from the return of the unit to inspect the unit for damages and notify Outdoorsy by filing a claim, as well as contact Renter via email or dashboard message. The security deposit will be returned automatically within 7 days if there are no damages to the Rental or ancillary overages or fees due. Notwithstanding the foregoing, as described herein, certain charges (e.g., tickets, toll fees, etc.) will be charged to Renter at the date of discovery by Owner.

**AS DESCRIBED IN THIS AGREEMENT OR THE OUTDOORSY TERMS OF SERVICE AND POLICIES, ALL APPLICABLE CHARGES WILL BE DEDUCTED FROM THE SECURITY DEPOSIT, INCLUDING BUT NOT LIMITED TO:**

- Smoking: No smoking is allowed in the Rental unless expressly authorized by the Owner in the booking. Smoke odors in returned Rentals will result in additional fees set by Owner.

- Interior Damage: Renter is fully responsible for any and all damage to the interior of the Rental, including but not limited to damage to appliances, cabinets, floors, and bathroom fixtures. Renter acknowledges he/she may purchase interior Damage Protection that covers them up to a limit of $1,500 for covered losses. For any damages not covered under the Damage Protection plan, or if the Damage Protection limit is not sufficient to cover the damages sustained, Owner will deduct the balance from the security deposit, and Renter agrees to pay any balance above the security deposit and/or Damage Protection coverage limit.

18. **Maintenance.** Owner is responsible for checking all fluid levels (e.g., oil and coolant), air tire pressure, lug nuts and wheels immediately prior to rental departure and must complete a safety inspection within 90 days prior to each booking. Should a breakdown or tire blowout occur due to lack of maintenance, wear and tear or manufacturer defect, Owner acknowledges their claim may be denied. Outdoorsy reserves the right to request inspection and maintenance records dated within 90 days of the start of the booking and performed by a certified mechanic. Owner acknowledges that a claim or dispute may be denied if there are missing or insufficient maintenance records.

19. **Repairs and Roadside Assistance**. In the unlikely event of a breakdown or mechanical issue with the Rental during the Rental Period, Outdoorsy offers Roadside Assistance service with qualified bookings. If emergency repairs are required, repairs under $200 should be completed and paid for by Renter. Repairs over $200 must have prior authorization from the Owner. Renter must save and submit all repair receipts for review when the Rental is returned. Reimbursement will depend on the type of repair and its cause.

Roadside assistance is currently included in eligible bookings with a purchased Outdoorsy Protection Package. If the Protection Package purchased does not include roadside assistance services, Renter may apply and pre-pay for roadside assistance through

Outdoorsy. Roadside assistance services are provided per the terms and restrictions issued by the roadside assistance provider.

20. **Insurance & Costs**. Renter is responsible for all damages or losses caused to themselves, their property, the Rental, and/or third parties if Outdoorsy deems Renter responsible. Renter must be approved for insurance for the Rental through Outdoorsy or must provide Owner with an insurance binder indicating Renter has motor vehicle liability that satisfies each state's legal minimum requirement, collision and comprehensive insurance covering the Renter, the Owner, and/or third parties for the Rental being driven or towed. Renter is solely responsible for any and all parking tickets, citations, toll charges and other charges issued during Renter's possession of the Rental. Renter acknowledges that any insurance outside of the Outdoorsy Protection Packages is primary over the coverage provided in the package. **Except where required by law to be primary or excess, any protection provided through Outdoorsy shall be secondary to, and not in excess of, any applicable insurance available to Renter, or any other driver, from any other source, whether primary, excess, secondary or contingent in any way.**

21. **Disputes**. The parties agree that all disputes or claims arising out of or relating to this Agreement or Renter's use of the Rental (whether based in contract, tort, statute, or any other legal theory) will be governed by the arbitration and dispute resolution procedures described in [Outdoorsy Terms and Conditions]. The Parties further agree that such arbitrations shall be conducted in the County where the Owner has its primary residence or place of business nearest to where the Rental was picked up. This Agreement shall be construed in accordance with the laws of the state of Owner's principal place of business or primary residence. Renter agrees that in the event Owner prevails in a suit to enforce this Agreement, Owner shall be entitled to recover all its costs and reasonable attorney's fees incurred in that action.

22. **Cooperation**. The Parties agree to cooperate and coordinate with Outdoorsy and each other generally and to take any actions Outdoorsy reasonably requests in connection with (i) this Rental Agreement, (ii) the pickup, use and return of the Rental, and (iii) any disputes, actions, proceedings, suits, and investigations related to the Rental or Renter's use of the Rental, including without limitation, execution and delivery of any documents Outdoorsy reasonably requests, giving testimony under oath, and taking any other actions Outdoorsy reasonably requests related to this Rental Agreement or the Rental or the rental transaction.

Unless prohibited by law, Renter releases Dealer and Outdoorsy from any liability for consequential, special, and/or punitive damages in connection with the Rental. Renter shall hold harmless other client owners, Dealer, Outdoorsy and its authorized agents and employees from and against any and all loss, bodily injury, damages, and expenses, including legal expenses, of any kind arising from the Rental during Renter's possession extending to such time the Rental is

completed and cleared by Dealer, including without limitations, latent and other defects whether or not discoverable by Renter or Dealer. This indemnity shall continue in effect at all times despite the return of the Rental before or after expiration of the contract terms whether by formal request from Dealer or otherwise. It is agreed and understood that Dealer may control the defense of any such claim.

## Additional Conditions

This Agreement does not create any type of partnership between Renter and Dealer or Rental Owner. This Agreement may not be cancelled or modified except in writing signed by all parties.

RENTER FURTHER HEREBY AGREES TO INDEMNIFY, SAVE, AND FOREVER HOLD HARMLESS DEALER AND RENTAL OWNER FROM ANY AND ALL LIABILITY, CLAIMS, OR CAUSES OF ACTION OF ANY KIND OR CHARACTER WHATSOEVER, AND BY WHOMEVER ASSERTED, ARISING FROM OR IN ANY WAY GROWING OUT OF THE OPERATION OR USE OF THE RENTAL UNDER THIS AGREEMENT AND AGREES, IN SUCH EVENT, TO PROVIDE A DEFENSE THEREFORE AS CHOSEN AND DIRECTED BY DEALER AND TO PAY ANY EXPENSES IN THE DEFENSE OF ANY SUCH CLAIM OR LAWSUIT THIS AGREEMENT INCLUDES, BUT IS NOT LIMITED TO, CLAIMS OF NEGLIGENCE OR GROSS NEGLIGENCE ON THE PART OF DEALER ANO/OR THE RENTAL OWNER.

RENTER UNDERSTANDS AND AGREES THAT AS PART OF THE CONSIDERATION OF DEALER RENTING THE VEHICLE TO RENTER, RENTER DOES HEREBY ASSIGN TO DEALER ANY CAUSE OF ACTION JUDGMENT OR SETTLEMENT AS THE RENTER MAY HAVE AGAINST ANY PERSON, FIRM OR CORPORATION, INCLUDING BUT NOT LIMITED TO DEALER AND/OR THE RENTAL OWNER, TO SECURE SATISFACTION AND DISCHARGE OF ANY JUDGMENT OVER AND AGAINST DEALER AND/OR THE RENTAL OWNER FOR ACTUAL, CONSEQUENTIAL AND/OR PUNITIVE DAMAGES, AND/OR CLAIMS FOR INDEMNITY AND/OR CONTRIBUTION, STATUTORY, CONTRACTUAL OR OTHERWISE.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JUN 22, 2022**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OUTDOORSY, INC., a Delaware Corporation, and DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ZACH RESNICK, individually and on behalf of a class of similarly situated persons and the general public, as applicable

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | **CASE NUMBER:**
*(El nombre y dirección de la corte es):* San Francisco County | *(Número del Caso):*

400 McAllister Street
San Francisco, CA 94102

**CGC-22-597719**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

 David R. Sidran, Sidran Law Corp 2010 Crow Canyon Pl. #100 San Ramon, CA 94583 (925) 529-1350

DATE: **01/25/2022**                Clerk, by          **KAREN VALDES**                , Deputy
*(Fecha)*                           *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov